UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL D. MONTGOMERY, | CASE NO. 11-cr-5156 RJB |
| Petitioner, | |
| v. | ORDER OF TRANSFER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter comes before the Court on Petitioner's "Motion to Dismiss Invalid Judgment Due to "Void" Plea before a Magistrate Judge in a Felony Criminal Action in Violation of the Federal Magistrates Act of 1968." Dkt. 113.  The Court has reviewed the relevant documents and the file herein.

In this case, Mr. Montgomery seeks relief from his 60 month sentence imposed after his 2012 guilty plea to one count of tax fraud and one count of wire fraud in the underlying criminal case, *United States v. Montgomery*, Western District of Washington case 11-5156 RJB.

ORDER OF TRANSFER- 1

1          On December 12, 2013, he filed his first Motion under 28 U.S.C. §2255 to Vacate, Set

2   Aside, or Correct Sentence.  *United States v. Montgomery*, Western District of Washington case

3   11-5156 RJB, Dkt. 98 and *Montgomery v. United States*, Western District of Washington case

4   13-6059 RJB, Dkt. 1.  The motion was denied with prejudice on February 6, 2014.  *United States*

5   *v. Montgomery*, Western District of Washington case 11-5156 RJB, Dkt. 100 and *Montgomery v.*

6   *United States*, Western District of Washington case 13-6059 RJB, Dkt. 11.

7          On April 14, 2014, Mr. Montgomery filed "Writ Under the All Writs Act F.R. Cv. P.

8   60(b)(3&(4) Motion to Reverse Punishment Order Dismiss Indictment with Prejudice as Void

9   from Want of Jurisdiction of the District Court F. R. Cv. P. 12(b)(1)(2)&(4)" challenging this

10  Court's jurisdiction to hear the underlying criminal case and arguing that his punishment should

11  be "reversed."  *United States v. Montgomery*, Western District of Washington case 11-5156 RJB

12  Dkt. 101.  A new case was opened.  *Montgomery v. United States*, Western District of

13  Washington case 14-5314 RJB.

14         His "Writ Under the All Writs Act F.R. Cv. P. 60(b)(3&(4) Motion to Reverse

15  Punishment Order Dismiss Indictment with Prejudice as Void from Want of Jurisdiction of the

16  District Court F. R. Cv. P. 12(b)(1)(2)&(4)" was construed as a motion under 28 U.S.C. § 2255

17  because Mr. Montgomery was again challenging his sentence.  Dkt. 3.  Accordingly, as a

18  successive 28 U.S.C. § 2255 motion, it was transferred to the Ninth Circuit Court of Appeals

19  because this Court was without jurisdiction to hear it.  Dkt. 3, (*citing* 28 U.S.C. § 2255; 28

20  U.S.C. § 2244(b)(3)(A)).

21         On April 28, 2014, Mr. Montgomery filed an additional pleading, again stating that this

22  Court lacked jurisdiction to sentence him and again moved to vacate the punishment order and

23  dismiss the indictment with prejudice.  Dkt. 4.  On May 6, 2014, this pleading was considered a

24

1    part of his successive 28 U.S.C. § 2255 petition and transferred the Ninth Circuit Court of

2    Appeals because the Court was without jurisdiction to consider Petitioner's motion until the

3    Ninth Circuit Court of Appeals has authorized its filing.  Dkt. 5 (*citing* 28 U.S.C. § 2255; 28

4    U.S.C. § 2244(b)(3)(A)). Dkt. 5.

5         On May 15, 2014, Petitioner filed a "Notice of Default."  Dkt. 6.  This pleading was

6    considered a part of his successive 28 U.S.C. § 2255 petition and transferred the Ninth Circuit

7    Court of Appeals because the Court was without jurisdiction to consider Petitioner's motion.

8    The certificate of appealability was denied.

9         On September 2, 2014, Petitioner filed the instant motion, arguing that his "plea is/was

10   void and must be rejected by the District Court Judge" because it was entered "before a U.S.

11   Magistrate Judge, who is not an Art. III judge as required by the U.S. Constitution."  Dkt. 113.

12   He argues that the Court should dismiss the final judgment as invalid.  *Id.*  A new case was

13   opened.  *Montgomery v. United States*, Western District of Washington case 14-5699 RJB.

14        In this September 2, 2014 motion, Mr. Montgomery is again challenging his judgment

15   and sentence.  Dkt. 113.  Accordingly, this motion should be construed as a motion under 28

16   U.S.C. § 2255. Mr. Montgomery previously filed a § 2255 motion, and it was dismissed with

17   prejudice.  He has filed multiple successive 28 U.S.C. § 2255 motions, each of which has been

18   transferred to the Ninth Circuit Court of Appeals.

19        Any prisoner seeking to file a successive § 2255 motion must first file, in the appropriate

20   court of appeals, a motion for an order authorizing the district court to consider the successive

21   application. 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3)(A). Accordingly, this Court is without

22   jurisdiction to consider Petitioner's current motion (Dkt. 113) also filed in *Montgomery v. United*

23   *States*, Western District of Washington case 14-5699 RJB, (Dkt. 1) until the Ninth Circuit Court

24

ORDER OF TRANSFER- 3

of Appeals has authorized its filing.  This pleading should be transferred the Ninth Circuit Court of Appeals.  28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3)(A).

It is **ORDERED** that:

- Petitioner's "Motion to Dismiss Invalid Judgment Due to "Void" Plea before a Magistrate Judge in a Felony Criminal Action in Violation of the Federal Magistrates Act of 1968" (Dkt. 113), also filed in *Montgomery v. United States*, Western District of Washington case 14-5699 RJB, (Dkt. 1) **IS TRANSFERRED** to the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631 and Ninth Circuit Rule 22-3.  Petitioner is advised that this transfer does not of itself constitute compliance with § 2244(b)(3)(A) and Ninth Circuit Rule 22-3.  Petitioner must still file a motion for leave to proceed in the Court of Appeals and make the showing required by § 2255(h).

The Clerk is directed to transfer original documents to the Ninth Circuit Court of Appeals.  The Clerk shall, however, retain a copy of the motion and of this Order in the file.  The Clerk is further directed to send a copy of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 4th day of September, 2014.

ROBERT J. BRYAN
United States District Judge